IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, <br><br> *Plaintiffs*, <br><br> v. <br><br> BERCO INDUSTRIAL INC., an Illinois corporation, <br><br> *Defendant.* | Case No. 25-cv-6543 <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendant allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

**PARTIES**

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee, Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Berco Industrial Inc. ("Berco Industrial") is a corporation organized under the laws of the State of Illinois.

**CLAIM FOR RELIEF**

8. Plaintiffs hereby reallege and incorporate each allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9. During all relevant times, Berco Industrial was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters under which Berco Industrial was required to make contributions to the Pension Fund on behalf of certain of its employees.

10. The Pension Fund determined that on or about May 1, 2016, Berco Industrial permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

11. As a result of this complete withdrawal, Berco Industrial incurred withdrawal liability to the Pension Fund in the principal amount of $303,169.17, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

12. On or about July 12, 2019, Berco Industrial received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). In the notice and demand, the Pension Fund notified Berco Industrial that it was required to discharge its withdrawal liability in a lump sum payment of $303,169.17 or in monthly payments, with the first payment due on or before August 1, 2019.

13. Berco Industrial remitted monthly payments for the installments due August 1, 2019 through February 1, 2025. However, Berco Industrial has not made any further withdrawal liability payments.

14. On or about March 24, 2025, Berco Industrial received a notice from the Pension Fund, pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due, and which forewarned Berco Industrial of the consequences of its failure to pay such liability. Since receiving the notice, Berco Industrial has not made any withdrawal liability payments.

15. By letter dated October 8, 2019, Berco Industrial requested that the Pension Fund review the withdrawal liability assessment pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

16. On or about November 15, 2019, Berco Industrial received the Pension Fund's response to its request for review pursuant to section 4219(b)(2)(B), 29 U.S.C. § 1399(b)(2)(B), in which the Pension Fund notified Berco Industrial that the Pension Fund's Board of Trustees rejected Berco Industrial's request for review and reaffirmed the assessment.

17. Berco Industrial never initiated arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

18. Berco Industrial failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

19. To date, the principal amount of $289,720.82 remains due and owing to the Pension Fund on account of the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment in favor of Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, as Trustee, and against Defendant, Berco Industrial Inc. pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (i) $289,720.82 in withdrawal liability;

    (ii) Interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii) An amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

    (iv) Attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Gabrielle Pilgrim*
Gabrielle Pilgrim (ARDC #6346422)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-939-2508
gpilgrim@centralstatesfunds.org

June 12, 2025                      *ATTORNEY FOR PLAINTIFFS*